Good morning, Your Honors. May it please the Court, Krista Hart on behalf of Mr. Vu, the petitioner in this case. The first question before this Court is the legal significance of the petition which was filed, the first petition, the original petition which was filed in March of 07. And that petition was something. And the magistrate judge reviewed that petition and found that, in fact, the petitioner had stated claims for relief, really five different claims for relief. And the case went on for quite some time until the amended petition was filed practically 13 months later in April of 08. Counsel, how many times did you ask for continuances? Four. And you never filed anything timely ever, is that correct? Well, timely in what regard? Pardon? Timely. The amended petition I filed was filed beyond the statute of limitations. Yes. And what excuse do you have for that? When I reviewed, when I received the materials, I received the petition, I received a box of briefs, I received a whole number of things. And when I was reviewing them and I reviewed the appellate brief, which when you do habeas cases, that's typically what pro se petitioners do is they attach the California petition for review in the Supreme Court, because that's what's been exhausted. And I reviewed that, and it wasn't until later, after the statute of limitations had expired, that I noticed he had neglected to file that. Because within the body of his original ---- Maybe you should have seen that right at the outset. Yes. I probably should have. But he did, because he included within the body of the petition that was filed timely, he said he laid out the six, actually six claims, which is what I included, the amended. I abandoned one claim. So five claims verbatim. And he did include a statement that said the facts and circumstances are attached in the exhibit. And so I neglected to see that. It was not there. Now, if we concede that you are incompetent in this representation, what do we do with that? Well, ineffective assistance of counsel is not an issue. No, but it's plain on the surface of this. It is plain on the surface, but I think what the magistrate judge did, and which is what I think this Court can do, is under Rule 4 of the Rules Governing Habeas Procedures, the magistrate court did make a finding that it did in fact state claims, the original petition. So it was timely filed and it did state the claims. And ---- But before the district court, you never argued that. As I understand it, before the district court, there was never any argument about that the magistrate is at fault for not dismissing the petition. Or nobody argued that the plaintiff unjustifiably, or the petitioner unjustifiably relied on the magistrate's finding. Nobody argued equitable tolling based on the magistrate's ruling. Well, that's correct. I don't think ---- I mean, at this point, so the district court didn't have any of these arguments in front of it. And so the district court says, based on what I have in front of me, I only have a relation back argument, so I make a ruling on relation back. Now, haven't you waived all the other arguments then because you didn't make them? No, I would disagree with that because I'm not arguing equitable tolling, and I'm not arguing relation back. I'm arguing that the original petition filed on March 14th did in fact state claims, albeit inartfully and not very clearly, but they didn't in fact state a claim. And the district court, through the magistrate, made a finding that the petition did in fact state claims. Well, if I review, then the petition filed, and I don't think it stated claims, then your argument is over? No, I would disagree with that. I mean, the ultimate is that the district court didn't think it stated claims and ruled there's nothing to relate back to because there's nothing in front of me in the petition that suggests that you relate back to this. That was the district court's decision. Correct. And that creates a conundrum because Rule 4 mandates that the district court should review the petition and determine whether it states a claim. And through the magistrate judge, the district court did in fact do that and found that it did state a claim. And then the five claims filed in the amended petition, they were not new or different claims, thus the relation back, in my view, is not applicable in this case. I guess I'm having a tough time, again, why the poor district court should make a decision about the magistrate being at fault for not dismissing in the first place, or that the petitioner was unjustifiably relying on the decisions, or that there's equitable tolling when nobody made the arguments to them. I mean, it seems to me that waives any argument that there is here, other than I look at the petition and see really was there any claim there that can be related back to? And if I look at the petition and there isn't, the case is over. And I would disagree with that in that the district court judge in his final ruling, when he did dismiss the petition, made the finding that the petition failed on its face to state a claim. Then when it issued the certificate of appealability, the district court found that, well, you know, reasonable jurists can differ as to whether the original petition stated a claim. But there's no law that suggests that just because the district court says, well, let the court of appeals look at this issue, I may be wrong, you better let them look at it, that that automatically says he's saying, I didn't do what I should have done. All he's saying is give the circuit court the chance to rule. No, I disagree with that. Hendricks, which is cited in my brief, specifically says that if a case, Are you arguing that every district court, if they make a ruling and they think they're right, they should never give a COA? No, that's not what I'm saying. If a habeas petition is dismissed on procedural grounds, that is, in the Hendricks case it was because the petitioner failed to sign, verify the petition. Here in our case it's because he forgot to attach the brief, the California Supreme Court petition for review. If it's dismissed on a procedural ground, then the argument, the rule before the district court is you have to show, one, that the petition, it's arguable that the petition did in fact state a claim for relief. So the district court found that, so when you're asking for a certificate of appealability, first the petitioner has to show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. That's the first hurdle we have to get over. And so the district court, by issuing the certificate of appealability, did in fact find that jurists of reason can debate whether the petition states a valid claim of the denial of the constitutional right. So the district court found that, you know, it's debatable whether this claim was frivolous or not. And under rule four and under the dismissal rules, it should only be dismissed if it's patently clear that this is frivolous. And so the district court judge tacitly said, no, this is not frivolous. Yes, it's very, very possible that he did in fact state claims. So it's not frivolous. So it can't be dismissed because it's frivolous if the district court has found that it might not be frivolous. It has to be patently frivolous that there can be no issues. So your argument about the certificate of appealability. Well, I didn't make an argument. I would just make a question. Your question. But, you know, so certificates of appealability are issued in habeas cases after they've been decided on the merits in all sorts of situations.  That's a contrary finding. Counsel, if you had paid proper and timely attention to this, you would have filed an amended petition timely? Yes, I would have filed exactly what I did file, which was simply an expansion on the claims already raised. We did not introduce anything new or anything that hadn't been argued and litigated in the appellate courts. There was no new novel issue. What kind of ‑‑ has this matter been taken up with the California Bar? No. Do you want to reserve? We've got about 30 seconds left. Do you want to reserve for a moment? Yes, please. Thanks. Good morning, Your Honors. My name is Robert Giese, and I represent the Respondent in this case. I think Judge Smith has actually laid out my argument, and I laid it out in the briefs. It was pretty simplistic. Really what it is is a blank petition was filed in a timely manner. I wouldn't even call it a petition necessarily. A blank filing was filed in a timely manner, and the statute of limitations elapsed, and then substantive claims were finally filed. But they can't relate back to anything. Counsel, this was initially filed pro se. That's correct, Your Honor. But what's the obligation of the magistrate at that point, when he looks at it and sees, well, there's no claim here because the guy forgot to attach whatever he was going to attach? Well, as my opponents pointed out, the magistrate, I think, believed that there were claims within that original petition. Well, let's say he looks at it, and just as you and I look at it, no, it really just says the claims will be in the attachments. What was his obligation at that point? Well, personally, I think he should have dismissed it. Pardon? He should have dismissed it. Why? I don't understand. Given all the rules that we have about pro se pleadings, and we have a lot of cases out of your district, I've got to tell you, most of the time we would hit this as we say, no, you've got to please attach whatever you're going to attach. Why do you think he should have dismissed it? Well, I think under Rule 4, it doesn't state any claims. Well, what about the obligation to a pro se litigant that the Court has? That's what we're talking about. It's not the obligation. Not that he couldn't have. I mean, if it's a counsel petition, that's one thing. But if it's a pro se petition, it says my claims are in the attachment. There's no attachment. Why isn't the Court obligated at that point vis-a-vis a pro se petitioner to say you didn't attach it, I'm going to give you 10 days or 14 days to attach it? I think a court is not necessarily obligated to do that. This is the petitioner's responsibility to file his petition within the statute of limitations. But there's no obligation to a pro se. Well, I think the obligation is to construe his filings in a liberal manner. But as liberal as you want to construe this, it's not doesn't state any claims. I don't think he has to act as a co-counsel or as counsel, in essence, for petitioner. I think that's petitioner's responsibility. Well, except that we're not talking about rewriting the pleadings. We're just saying here are the pleadings. There's an attachment. It's not there. We don't know why the attachment isn't there. We don't know whether it was his fault or the prison's. You know, those are just things you don't know. So normally you would say your pleading is deficient. We'll give you leave to amend. In the ordinary course, if the claims don't state a claim, I just don't understand why there would be any difference when there's just an obvious omission of what the entire claim is when it says it's attached. Well, I don't know what the magistrate judge was thinking, other than what he said at the hearing, which is that he thought the petition stated claims. And so I think that's the reason. That's the reason he let it go forward. That's the reason he let it go forward, is he thought there were claims in there. And clearly, in my opinion, there are not. There's a few things that I wanted to mention in terms of the reply brief. One of the things that the reply brief brings up is it states at page 4 that this is in the procedural posture it's in only because of the magistrate's order. Again, as Judge Smith mentioned, that wasn't brought up in the district court. And I would disagree with that characterization anyway. The reason it's in this procedural posture, frankly, is because Mr. Vu didn't include any attachments to his petition or any claims in his petition. Well, we think not. But, you know, the funny thing is, you know, we've got a good magistrate judge here, and my suspicion is he saw something, and it may not have gotten in the record. And I don't know where that leaves us. I would disagree with that characterization. I mean, we were in court, and we had a hearing on it. He discussed what he discussed on the record. My understanding of his ruling is that he thought the petition actually stated claims. There's another part of the reply brief that I wanted to take issue with, and that's it talked about that all parties agree that Vu definitely intended to include a state petition for review as an attachment. I've never agreed to that. I don't think we can make that assumption at all. In essence, I think I've laid out the arguments for this panel in my briefs. Well, let's assume for the sake of argument that he had attached what he meant to attach. Would you say that it stated a claim? If he had attached the petition for review? Yes. If he attached the petition for review, I think we're in a totally different case. I would agree with that. Unless this panel has any further questions, I submit. All right. Any further questions? Thank you. None. Rebuttal? One, Rule 4 mandates that the magistrate judge must. It's not discretionary. It's not that they can or can't. It's that they must review them. And if the petition fails to state a claim, it should be dismissed. And as you suggested, give and leave 10 days, 14 days, whatever. The problem here is he said it stated a claim. Correct. Right. He did say it stated a claim. So then we get the judge-dismiss problem. Why can't the district court then just say, well, sorry, I don't think it does. End of story. I think because then it would raise. Why does that not comply with the rule? The magistrate judge takes a look at it and says no. Because if the rules were set up that way, then it would create all of these issues, equitable tolling, relation back. Which I don't think are appropriate. Then you would have to make that argument every single time. Because this is how it happens in the Eastern District, that the magistrates always initially review the petition. And so you don't ever get to a district court judge, typically, in my experience, for years. Long time. Eighteen months, two years. I'm taking cases. I'm reviewing the pleadings right now. So that's changing. I'm sorry? No, I'm sitting by designation there. And I'm not. I don't use a buffer of a magistrate judge. I'm taking them straight up. So I don't see how your argument necessarily applies. Well, if I'm not mistaken, you're sitting there because we have so many habeas cases that. That's right. And every single habeas case that I've done has been done before a magistrate. I have not been in that situation where it's gone directly to a district court judge. And so I've never been before a district court judge for 18 months or two years. And then in that case, we'd have to. You're arguing a rule violation by the magistrate judge. And I'm not sure I follow that because the magistrate judge actually ruled in your favor. I'm not understanding your point. That's all right. My questions have taken you over your time. Okay. Thank you. The case will be submitted for decision.
judges: Fletcher B. , Thomas, Smith N. R.